IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JEREMY L. WILSON, | ) | Civil No. 10-84-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| BCTI SCHOOL OF COMPUTERS, | ) | |
| and UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Jeremy L. Wilson
    P.O. Box 2442
    Wilsonville, OR 97070

        Plaintiff Pro SE

    Dwight C. Holton, U.S. Attorney
    Sean E. Martin, Asst. U.S. Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204

        Attorneys for Defendant

FINDINGS AND RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

Pro se plaintiff Jeremy Wilson brings this action against BTCI School of Computers (BTCI) and the United States Department of Education (DOE). Defendant DOE moves to dismiss the action against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion should be granted.

## Background

In his original complaint filed on January 17, 2010, and a second complaint, filed on February 26, 2010, plaintiff named only defendant BTCI. Plaintiff's third complaint, filed on March 4, 2010, named DOE as a defendant, but specified neither a cause of action against this defendant nor a basis for this court's jurisdiction.

In a motion for entry of default against DOE filed on May 12, 2009, plaintiff stated that he sought $40,000 and discharge of his student loan from DOE. After DOE filed a response noting that it had not been served in accordance with Fed. R. Civ. P. 4, plaintiff sought leave to file an amended complaint. In a declaration filed on June 15, 2010, plaintiff stated that DOE was "legally responsible" for his "inadequate education."

In a document captioned "motion for judgment" filed on July 16, 2010, plaintiff stated that DOE or a DOE employee had "lied" on plaintiff's loan discharge form, and indicated that he was seeking an award of $100,000 from DOE.

In an Order filed on July 21, 2010, I denied plaintiff's motion for default, and granted plaintiff leave to file an amended complaint by August 21, 2010. Plaintiff has not subsequently filed an amended complaint, but has served the United States Attorney with a

FINDINGS AND RECOMMENDATION - 2

summons, a copy of his third complaint, which was filed on March 4, 2010, and some of the materials he had filed earlier in this action.

## Discussion

1. **Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1), defendant DOE moves to dismiss the action against it for lack of subject matter jurisdiction. DOE correctly notes that federal courts may assert jurisdiction over claims brought against the United States only if it has waived sovereign immunity and consented to suit. E.g., Balser v. Department of Justice, 327 F.3d 903, 907 (9th Cir. 2003), cert. denied, 541 U.S. 1041 (2004). DOE also correctly notes that the Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity which allows suits for recovery of money damages from the United States for torts committed by its employees. See 28 U.S.C. § 2671-80.

The FTCA requires a plaintiff seeking damages based upon a tort allegedly committed by an employee of the United States to present a claim to the federal agency employing the alleged tortfeasor before bringing an action in federal court, and to wait until the agency has denied or failed to act on the claim within six months of the submission, before bringing an action in federal court. 28 U.S.C. § 2675(a). The FTCA provides the sole remedy for claims seeking recovery of damages based upon torts allegedly committed by federal employees, 28 U.S.C. § 2679(b)(1), and exhaustion of administrative remedies is a strict jurisdictional prerequisite for bringing an action under the FTCA. Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006), cert. denied, 550 U.S. 906 (2007).

Defendant DOE asserts that plaintiff did not present it any notice of a tort claim before bringing this action. Plaintiff does not dispute this representation, and there is no

FINDINGS AND RECOMMENDATION - 3

evidence in the record that plaintiff ever presented a claim to DOE before bringing this action. Under these circumstances, this court lacks jurisdiction, and DOE's motion to dismiss on this basis should be granted.

2. **Motion to dismiss pursuant to Rule 12(b)(6)**

a. **Standards**

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. Jacobsen v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (9th Cir. 1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

b. **Discussion**

Though the complaint naming defendant DOE does not seek discharge of plaintiff's debt or an Order discharging plaintiff's student loan, other of plaintiff's filings appear to seek that relief. Assuming that plaintiff is asserting a claim for relief requiring DOE to discharge his student loan, DOE correctly notes that the Higher Education Act of 1965 (HEA), under which the loan in question was made, does not create a private right of action for borrowers seeking discharge of student loans. E.g., Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996); L'ggrke v. Benkula, 966 F.2d 1346, 1348 (10th Cir. 1992). In addition, the HEA expressly prohibits injunctive relief against the DOE based upon that agency's administration of the student loan program. 20 U.S.C. § 1082(a)(2).

In the absence of any provision of the HEA allowing individuals to assert claims seeking discharge of student loan obligations, plaintiff cannot obtain relief on any claim he might be asserting seeking this remedy. Defendant DOE's motion to dismiss for failure to state a claim upon which relief may be granted should therefore be granted.

## Conclusion

Defendant DOE's motion to dismiss plaintiff's claims against it (#23) should be GRANTED, and an Order should be entered dismissing the claims against defendant DOE with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 15, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day October, 2010.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge