IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JEREMY L. WILSON, | ) | Civil No. 10-84-JE |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| BCTI SCHOOL OF COMPUTERS, | ) | |
| and UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

JELDERKS, Magistrate Judge:

The background of this action is fully set out in a Findings and Recommendation filed on October 27, 2010, recommending that the Department of Education's motion to dismiss be granted. That recommendation was adopted by the Honorable Michael Mosman. On December 28, 2010, Judge Mosman entered a Judgment dismissing this action against the

ORDER - 1

Department of Education only, and denying as moot any pending motions regarding that defendant.

It has come to my attention that two motions that plaintiff filed earlier in this action remain on the court's records as unresolved. These are docket # 19, which is captioned on the court's docketing system as a "motion for judgment," and docket # 21, which is described as a motion to compel.

Recognizing that dispositive decisions ordinarily require me to issue a Findings and Recommendation subject to further review, I nevertheless deny the "motion for judgment." A careful review of that document confirms that, in this motion, plaintiff seeks entry of judgment against the Department of Education, and not the remaining defendant in this action. Because it concerned the Department of Education, this motion was denied as moot by the Judgment entered by Judge Mosman on December 28, 2010. Therefore, in denying plaintiff's "motion for judgment" I am taking no dispositive action, but am merely noting that Judge Mosman has already denied the motion, albeit in a manner that was not recognized by the court's docketing system.

Plaintiff's motion to compel asks this court to order the disclosure of information identifying the Department of Education employee who was responsible for "checking off" plaintiff's "student loan discharge application requirements." This motion, like the "motion for judgment" addressed above, concerns only the Department of Education, a defendant that has already been dismissed. This motion, like the "motion for judgment," was denied as moot upon entry of Judge Mosman's Judgment entered on December 28, 2010.

ORDER - 2

**Conclusion**

Plaintiff's "motion for judgment" (# 19) and motion to compel (# 21) are DENIED as moot.

DATED this 28th day of March, 2011.

                                        /s/ John Jelderks
                                        John Jelderks
                                        U.S. Magistrate Judge